ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **ISABEL CRUZ OLIVARES, RAÚL GONZÁLEZ DÍAZ Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS** <br> DEMANDANTES(S) - RECURRIDA(S) <br><br><br> V. <br><br><br> **MUNICIPIO AUTÓNOMO DE SAN JUAN Y OTROS** <br> DEMANDADA(S)-PETICIONARIA(S) | **KLCE202201357** | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **SAN JUAN** <br><br> Civil Núm.: **SJ2022CV01341 (804)** <br><br> Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez

*Barresi Ramos*, juez ponente.

### SENTENCIA EN RECONSIDERACIÓN

En San Juan, Puerto Rico, hoy día 18 de marzo de 2024.

Examinada la *Urgente Moción en Solicitud de que se Deje Sin Efecto Sentencia del 26 de Febrero de 2024 por Academicidad y Falta de Jurisdicción* presentada por el **MUNICIPIO AUTÓNOMO DE SAN JUAN** y **ÓPTIMA SEGUROS** (**MUNICIPIO Y ÓPTIMA**), reconsideramos nuestro anterior dictamen de 26 de febrero de 2024, el cual dejamos sin efecto.

### - I -

La *jurisdicción* es el poder o autoridad con el que cuenta un tribunal para considerar y decidir los casos y controversias ante su consideración.[1] En consecuencia, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una polémica.[2]

---

[1] *FCPR v. ELA et al.*, 2023 TSPR 26, 211 DPR 521 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022); *Payano v. SLG Cruz-Pagán,* 209 DPR 876, 889 (2022) (Sentencia)*; Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385- 386 (2020).
[2] *Allied Mgmt. Group v. Oriental Bank*, *supra*, pág. 385.

Número Identificador:  SEN2024_____

Los tribunales deben ser celosos guardianes de su *jurisdicción*.[3] Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Las cuestiones de *jurisdicción* por ser privilegiadas deben ser resueltas con preferencia. Si un tribunal se percata que carece de *jurisdicción*, así tiene que declararlo y desestimar el caso.[4]

La ausencia de *jurisdicción*, por tanto, acarrea las siguientes consecuencias: priva a un foro judicial del poder necesario para adjudicar una controversia; los tribunales no poseen discreción para asumirla cuando no la tienen; no es susceptible de ser subsanada; las partes no pueden conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; se impone a los tribunales el ineludible deber de auscultar su propia *jurisdicción* —y a los tribunales apelativos la obligación de examinar la *jurisdicción* del foro de donde procede el recurso—; las cuestiones jurisdiccionales deben ser resueltas con preferencia sobre otros asuntos, y su alegación puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.[5]

Por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción* solo resta así declararlo y desestimar la reclamación inmediatamente, sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[6]

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío),

---

[3] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 267- 268 (2018).

[4] *FCPR v. ELA et al.*, supra; *Cobra Acquisitions v. Mun. Yabucoa et al., supra*; *Allied Mgmt. Group v. Oriental Bank, supra*, págs. 386- 387.

[5] *MCS Advantage v. Fossas Blanco et al.*, 2023 TSPR 08, 211 DPR ___ (2023); *Cobra Acquisitions v. Mun. Yabucoa et al., supra*, pág. 395; *Allied Mgmt. Group v. Oriental Bank, supra*, págs. 386-387; *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101-102 (2020).

[6] *Allied Mgmt. Group v. Oriental Bank, supra; Torres Alvarado v. Madera Atiles,* 202 DPR 495, 501 (2019).

*"sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"*.[7] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[8]

La doctrina jurídica de *justiciabilidad* limita la intervención de los tribunales a aquellos casos en que exista una controversia genuina surgida entre partes opuestas que tengan un interés real en obtener un remedio.[9] No se consideran controversias justiciables aquellas en que: 1) se procura resolver una cuestión política; 2) una de las partes carece de legitimación activa; 3) hechos posteriores al comienzo del pleito han tornado la controversia en académica; 4) las partes están tratando de obtener una opinión consultiva, o; (5) se intenta promover un pleito que no está maduro.[10]

La *academicidad* es una manifestación de la doctrina de *justiciabilidad*. Un caso es *académico* cuando se trata de obtener un fallo sobre una controversia disfrazada, que en realidad no existe, o una determinación de un derecho antes de que este haya sido reclamado o una sentencia sobre un asunto que, al dictarse, por alguna razón, no tendrá efectos prácticos sobre una controversia existente.[11]

La Regla 83 (B) (5) del Reglamento del Tribunal de Apelaciones prescribe en lo pertinente que: "Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: [ ]...(5) que el recurso se ha convertido en académico".[12] Una vez un tribunal determina que no tiene *jurisdicción*, "procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y los reglamentos para

---

[7] *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007).
[8] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo, supra.*
[9] *Ramos, Méndez v. García García*, 203 DPR 379, 393-394 (2019).
[10] *Íd.*
[11] *Amador Roberts et als. v. ELA*, 191 DPR 268, 282 (2014).
[12] Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico".*

el perfeccionamiento de estos recursos".[13] Ello sin entrar en los méritos de la controversia ante sí.

- II -

En el caso de marras, el 2 de febrero 2023, el tribunal de primera instancia pronunció *Sentencia* en la cual dio por desistida la reclamación ello en conformidad con la Regla 39.1 de las de Procedimiento Civil.[14] Por ende, colegimos que los hechos medulares han cambiado toda vez que la solicitud de desestimación de la *Demanda* presentada por el MUNICIPIO Y ÓPTIMA ha sido atendida. Ante la ausencia de una controversia genuina entre las partes, entendemos que el recurso de *Solicitud de Certiorari* se ha tornado *académico*.

- III -

Por los fundamentos antes expuestos y en conformidad con la Regla 83 (B) (5) del Reglamento del Tribunal de Apelaciones, ***desestimamos***, por *academicidad*, la *Solicitud de Certiorari* entablada el 12 de enero de 2022 por el MUNICIPIO Y ÓPTIMA; y ordenamos el cierre y archivo del presente caso.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal, y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[13] *Allied Mgmt Group v. Oriental Bank, supra*, pág. 385.
[14] Véase Anejo I de la *Urgente Moción en Solicitud de que se Deje Sin Efecto Sentencia del 26 de Febrero de 2024 por Academicidad y Falta de Jurisdicción*.